UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SMILEY JAMES HARRIS, A.R.,

    Plaintiff,

v.

U. S. DEPT. OF JUSTICE, et al.,

    Defendants.

Case No. 25-cv-07664-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Defendants' motion to dismiss is granted. Plaintiff Smiley James Harris has filed at least two prior *pro se* suits in this district this year, Nos. 3:25-cv-1587-JD and 25-cv-01594-JD. Both were dismissed for failure to state a claim, and Plaintiff failed to amend adequately in the first case and altogether in the second. Here, Plaintiff, proceeding *pro se*, again sues various government actors based on conclusory allegations and scant, hard-to-follow facts that fail to state a claim upon which relief can be granted.[1]

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is

---

[1] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 18, 2025 is vacated.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims averred in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the nonmoving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). *See also Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true). While leave to amend is generally granted liberally, if amendment would be futile, then dismissal without leave to amend is within the court's discretion. *See*, *e.g.*, *Saul v. United States*, 928 F.2d 828, 843 (9th Cir. 1991).

### III. BACKGROUND

Plaintiff names the U.S. Department of Justice, the California Department of Justice, the State of California, the California Department of Motor Vehicles, the County of Lake, the City of Clearlake, and the Clearlake Police Department as Defendants. As for their averred misconduct, it seems to relate to Plaintiff's various arrests and convictions between 2015-2022, which Plaintiff avers were "false" and maliciously prosecuted and which resulted in Plaintiff's incarceration and loss of a vehicle. Plaintiff also suggests their misconduct is tied to failure to take notice of two

1  affidavits—a "commercial" affidavit and "clarification of citizenship" affidavit. As for the legal

2  rights implicated, throughout his complaint, Plaintiff asserts "loss of Liberty, loss of Happiness,

3  loss of property, loss of Life over the span of time in violation of plaintiff's rights to be free from

4  such actions as secured by including, but not limited to: Title 18 U.S.C. §§241, §242, §245(1),

5  §1346, and as secured by Title 42 U.S.C. §§1983, §1985(3), and §1986; also as secured by the

6  First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution."

## IV. DISCUSSION

The complaint fails to allege facts sufficient to give Defendants fair notice. For example, which investigations, arrests, or convictions and conduct or related policies therein allegedly violated the law and caused harm? Plaintiff does no more than provide a series of superior court case numbers and make conclusory allegations. And yet, even if there were not an "absence of sufficient facts alleged," the complaint "lack[s] a cognizable legal theory" for the reasons set forth below. *Balistreri*, 901 F.2d at 699.

Plaintiff's claims for damages based on unconstitutional convictions or imprisonments are barred by *Heck v. Humphrey* because Plaintiff does not allege the convictions or sentences were reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). Plaintiff's claims based on prosecutorial action are barred by the Eleventh Amendment and absolute immunity. *See Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009) (absolute immunity for liability under § 1983 when a state prosecuting attorney pursues a criminal prosecution, acting within his role); *McMillian v. Monroe County, Ala.*, 520 U.S. 781 (1997) (Eleventh Amendment immunity for state actors in their official capacity); *Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir. 2000) (local prosecutor acts as a state actor in prosecuting crimes).

Plaintiff's actions pursuant to Title 42 U.S.C. §§1983, 1985(3), and 1986 are time barred, subject to a one-year statute of limitations with the most recent conviction cited in the complaint

occurring in 2022.[2] As for his *Monell* claims against the County of Lake, the allegations seem to rely on respondent superior liability under §1983 arising from court or district attorney actions—which is not a cognizable legal theory. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 665-683, 694 (1978).

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss is granted. The foregoing analysis as well as Plaintiff's past failures to state a claim upon which relief can be granted in substantially similar cases, *see* Case Nos. 3:25-cv-1587-JD and 25-cv-01594-JD, show that amendment would be futile. Accordingly, leave to amend is not granted.

**IT IS SO ORDERED**.

Dated: December 3, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

---

[2] Section 1986 sets out a one-year statute of limitations. Sections 1983 and 1985(3) have no federal statutes of limitations and so follow that of the most analogous state cause of action—in this case personal injury, which has a one year statute of limitations under California Code of Civil Procedure § 430(3). *See Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985); *McDougal v. County of Imperial*, 942 F.2d 668, 674 (9th Cir. 1991). *See also Brown v. Pouncy*, 93 F.4th 331 (5th Cir.), *cert. denied,* 145 S. Ct. 170, 220 L. Ed. 2d 28 (2024).